IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OCTAVIOUS BUFORD,         ) | |
|     Plaintiff,            ) | |
|                           ) | |
| v.                        ) | CIVIL ACTION NO. 1:20-00006-WS-N |
|                           ) | |
| ALABAMA DEPARTMENT OF     ) | |
| CORRECTIONS, *et al.*,    ) | |
|     Defendants.           ) | |

**REPORT AND RECOMMENDATION**

Because this case involves "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity[,]" the Court must independently "review[ the complaint], before docketing, if feasible or, in any event, as soon as practicable after docketing…" 28 U.S.C. § 1915A(a). On review, the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *See also Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (under § 1915A, a "district court may dismiss *sua sponte* a complaint…"). Upon review of the complaint (Doc. 1) under § 1915A, the undersigned finds that certain claims are due to be dismissed.[1]

Counts I, II, and III allege causes of action under 42 U.S.C. § 1983 against

---

[1] Under S.D. Ala. CivLR 72(a)(2)(R), the undersigned Magistrate Judge is authorized to "[p]rocess[] and review[] … civil suits filed by state prisoners under 42 U.S.C. § 1983[,]" and can "require responses, issue orders to show cause and any other orders necessary to develop a complete record, and … prepare a report and recommendation to the District Judge as to appropriate disposition of the … claim[.]"

Defendants Jefferson Dunn, Cynthia Stewart, and Terry Raybon, who are being sued in both their individual capacities and in their official capacities as agents and employees of the Alabama Department of Corrections (ADOC).   Each of the § 1983 counts requests both monetary and injunctive relief.

"[O]fficial capacity suits represent 'only another way of pleading an action against an entity of which an officer is an agent,' and a victory against a named individual in an official capacity suit is 'a victory against the entity that employs him.' "  *Hobbs v. Roberts*, 999 F.2d 1526, 1530 (11th Cir. 1993) (per curiam) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167-68 (1985)).

> The Eleventh Amendment provides sovereign immunity to the states to protect them from suit in federal court without their consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Sovereign immunity has also been extended to state officials, acting in their official capacity, where an agency or individual may "be treated as an arm of the State partaking of the Eleventh Amendment Immunity." *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).
>
> A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity or Congress has abrogated the state's immunity. *See Lancaster v. Monroe Cty.*, 116 F.3d 1419, 1429 (1997) *abrogated on other grounds by Lake v. Skelton*, 840 F.3d 1334, 2016 WL 6518522 (11th Cir. November 3, 2016).

*Melton v. Abston*, 841 F.3d 1207, 1233–34 (11th Cir. 2016) (per curiam).   "Congress has not abrogated eleventh amendment immunity in section 1983 cases[, and t]he state of Alabama has not waived its immunity…Article 1, section 14 of the Alabama Constitution of 1901 expressly states that 'the State of Alabama shall never be made a defendant in any court of law or equity.' "   *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990).   "Consequently, Alabama state officials are immune from claims

brought against them in their <u>official</u> capacities" under § 1983. *Melton*, 841 F.3d at 1234. Because the official capacity claims against Dunn, Stewart, and Raybon are "only another way of pleading an action against" ADOC, and because "the Supreme Court has held that a suit directly against the Alabama Department of Corrections is barred by the eleventh amendment[,]" *Gramegna v. Johnson*, 846 F.2d 675, 677 (11th Cir. 1988) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)), the official capacity § 1983 claims in Counts I, II, and III seeking monetary relief against Dunn, Stewart, and Raybon are due to be **DISMISSED without prejudice** under § 1915A(b)(2) because they are immune from such relief in their official capacities.

Counts IV and V alleges causes of action under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973, respectively. Buford does not specify under what part of the ADA he is seeking relief in Count IV, but his allegations indicate it is Title II,[2] which

> provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.)[]…The Act defines " 'public entity' " to include "any State or local government" and "any department, agency, ... or other instrumentality of a State," § 12131(1)…[T]his term includes state prisons. See *Pennsylvania Dept. of*

---

[2] "The ADA has three sections:" Title I, Title II, and Title III. *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006). Title I is inapplicable because that provision "regulates discrimination in the workplace[,]" *id.*, and Buford's claims do not involve employment. Moreover, Title I suits for money damages against states are barred by the Eleventh Amendment because Congress did not validly abrogate the states' sovereign immunity in enacting that provision. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Title III is also inapplicable because that provision "prohibits discrimination by *private* entities in places of public accommodation[,]" *Gathright-Dietrich*, 452 F.3d at 1272 (emphasis added), while this case involves only public entities.

>*Corrections v. Yeskey*, 524 U.S. 206, 210, 118 S. Ct. 1952, 141 L. Ed. 2d 215 (1998). Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. See 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a).

*United States v. Georgia*, 546 U.S. 151, 153-54 (2006). The United States Supreme Court has held that, "insofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Id.* at 159. Additionally, 42 U.S.C. "Section 2000d–7 unambiguously conditions the receipt of federal funds on a waiver of Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act[,]" and that "[b]y continuing to accept federal funds, []state agencies have waived their immunity." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trs.*, 344 F.3d 1288, 1293 (11th Cir. 2003) (per curiam).

However, "[o]nly public entities are liable for violations of Title II of the ADA[,]" *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010) (citing 42 U.S.C. § 12131; *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998)), and "[t]he Rehabilitation Act prohibits **recipients of federal financial assistance** from discriminating against individuals with disabilities." *Garrett v. Univ. of Ala. at Birmingham Bd. of Trustees*, 507 F.3d 1306, 1310 (11th Cir. 2007) (emphasis added). Thus, "there is no individual capacity liability under Title II of the ADA or [the ]R[ehabilitation ]A[ct]." *Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (unpublished) (citing *Garcia v. SUNY Health Scis. Ctr. Of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (collecting cases)). *Accord Berkery v. Kaplan*, 518 F. App'x 813,

814-15 (11th Cir. 2013) (per curiam) (unpublished) (citing *Garcia*, 280 F. 3d at 107). Accordingly, Buford's Count IV ADA and Count V Rehabilitation Act claims against Dunn, Steward, and Raybon in their individual capacities are due to be **DISMISSED with prejudice** under § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Count VI requests the issuance of a writ of habeas corpus under Ala. Code § 15-21-1 *et seq.*, requiring the Defendants to transfer Plaintiff to the general population of Limestone" due to unconstitutional "conditions of confinement." However, Alabama law makes clear that such habeas relief can only be granted by an Alabama circuit judge. *See* Ala. Code §§ 15-21-6, 15-21-7. In federal court, habeas challenges to the execution of a sentence are properly brought in a petition under 28 U.S.C. § 2241. *Moody v. Holman*, 887 F.3d 1281, 1287 (11th Cir. 2018). Accordingly, Count VI is due to be **DISMISSED with prejudice** under § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Counts IV, V, and VI also assert causes of action against ADOC itself. However, because Dunn, Stewart, and Raybon are already being sued in their official capacities in those counts, including ADOC as an additional defendant is redundant. The undersigned will therefore recommend that ADOC be dropped as a party to this action under Federal Rule of Civil Procedure 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

In accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(R), the

undersigned **RECOMMENDS** the following:

1. that ADOC be **DROPPED** as a party to this action *sua sponte* under Rule 21;

2. that the official capacity § 1983 claims in Counts I, II, and III seeking monetary relief against Dunn, Stewart, and Raybon be **DISMISSED without prejudice** under § 1915A(b)(2); and

3. that the claims in Counts IV and V against Dunn, Steward, and Raybon in their individual capacities, and the claims in Count VI against Dunn, Stewart, and Raybon in both their official and individual capacities, be **DISMISSED with prejudice** under § 1915A(b)(1)

**DONE** this the 9th day of January 2020.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.