# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| OCTAVIOUS BUFORD, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0006-WS-N |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The plaintiff, represented by counsel, filed this action under Section 1983, seeking relief for alleged violations of the Constitution, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("the Act"). (Doc. 1). Pursuant to 28 U.S.C. § 1915A(a), the Magistrate Judge entered a report and recommendation ("R&R") recommending that the action be dismissed in part. (Doc. 2). The plaintiff has filed an objection to the R&R, (Doc. 4),[1] and the matter is ripe for resolution.[2]

The complaint names as defendants the Alabama Department of Corrections ("ADOC"); the Commissioner of ADOC; and two wardens. The three individuals are sued in both their official and individual capacities.

Counts One, Two and Three allege constitutional violations. These counts seek no relief from ADOC but do seek both damages and prospective injunctive relief from the individual defendants. (Doc. 1 at 8-11). The R&R recommends

---

[1] The plaintiff's motion to supplement with additional authority, (Doc. 5), is **granted**.

[2] The defendants declined the opportunity to be heard. Fed. R. Civ. P. 72(b)(2); General Local Rule 72(c)(2).

that these counts be dismissed without prejudice to the extent they seek recovery of damages from the individual defendants in their official capacities. (Doc. 2 at 3). The plaintiff concurs with this recommendation. (Doc. 4 at 1-2).

Count Four alleges a violation of Title II of the ADA and seeks both damages and prospective injunctive relief from the defendants. (Doc. 1 at 12-13). The R&R recommends that this claim be dismissed with prejudice to the extent it seeks relief against the individual defendants in their individual capacities, on the grounds that Title II does not provide for such liability. (Doc. 2 at 4-5). The plaintiff objects to this recommendation. (Doc. 4 at 4-7).

"[T]here is no individual capacity liability under Title II of the ADA …." *Badillo v. Thorpe*, 158 Fed. Appx. 208, 211 (11th Cir. 2005). The plaintiff discounts *Badillo* as an unpublished opinion and therefore not binding. True enough, but *Badillo* is not the only authority supporting the proposition: the Second, Third, Fourth, Sixth, Seventh and Eighth Circuits have all reached the same conclusion.[3]

In *Shotz v. City of Plantation*, 344 F.3d 1161 (11th Cir. 2003), the Court distinguished the operative language of Title II from that of the ADA's anti-retaliation provision. Section 12203(a) prohibits retaliation by any "person," language that "plainly includes individuals." 344 F.3d at 1168. Section 12132, in contrast, speaks not of any "person" but of "a public entity"; because "Congress knows how to use specific language to identify which particular entities it seeks to regulate," its use of one term in one provision and another in another raises a presumption that Congress acted deliberately in its word choice. *Id*. Since

---

[3] *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *Garcia v. S.U.N.Y. Health Sciences Center*, 280 F.3d 98, 107 (2nd Cir. 2001); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); *Bowens v. Wetzel*, 674 Fed. Appx. 133, 136 (3rd Cir. 2017); *Barnes v. Young*, 565 Fed. Appx. 272, 273 (4th Cir. 2014).

"person" extends to individuals and "entity" does not, *id*.,[4] it must be presumed that Title II does not support individual liability.

The plaintiff does not acknowledge either *Shotz* or the wealth of appellate authority contrary to his position; nor does he cite any authority supporting him. Instead, he argues that Section 12132 employs a passive voice that is flexible enough to support individual liability. The Eleventh Circuit considered and rejected such an argument in *Miller v. King*, 384 F.3d 1248, 1276-77 (11th Cir. 2004), *opinion vacated and superseded*, 449 F.3d 1149 (11th Cir. 2006). *Miller* explicitly held that "§ 12132 does not provide for claims against individuals in their individual capacities …." *Id*. at 1277. Because *Miller* was vacated (on other grounds), and because the superseding opinion does not address the issue, *Miller* is not controlling, but the Court fully agrees with its reasoning and result.

As a fallback argument, the plaintiff suggests that Count Four includes an ADA retaliation claim. (Doc. 4 at 3-4). The word appears nowhere in the complaint, much less in Count Four, which patently is limited to a Title II claim.

Count Five alleges a violation of the Act and seeks both damages and prospective injunctive relief from the defendants. (Doc. 1 at 13-14). The R&R recommends that this claim be dismissed with prejudice to the extent it seeks relief against the individual defendants in their individual capacities, on the grounds that the Act does not provide for such liability. (Doc. 2 at 4-5). The plaintiff raises no objection to this recommendation.

Count Six requests the Court to issue a writ of habeas corpus, pursuant to Alabama law, requiring the defendants to transfer the plaintiff to the general prison population. (Doc. 1 at 14-15). The R&R recommends that this claim be dismissed with prejudice on the grounds that habeas relief under Alabama law can be granted only by a state judge. (Doc. 2 at 5 (citing Alabama Code §§ 15-21-6, -7)). The plaintiff objects to this recommendation. (Doc. 4 at 2-3; Doc. 5).

---

[4] *Accord* 42 U.S.C. § 12131(1) (defining "public entity").

The plaintiff argues that: (1) "[i]nsofar as [he] is aware," a writ of habeas corpus under Alabama law may be used "to challenge conditions of confinement"; (2) 28 U.S.C. § 1652 requires a federal court to employ state habeas law; and (3) Sections 15-21-6 and -7 are merely venue provisions, not jurisdictional limitations.

The plaintiff cites no authority in support of his first proposition, and Alabama law clearly rejects it. *E.g., Eddins v. State*, 169 So. 3d 1057, 1059 (Ala. Civ. App. 2015) ("[A] habeas corpus petition cannot be used to challenge the conditions of confinement."); *Looney v. State*, 881 So. 2d 1061, 1063 (Ala. Crim. App. 2002) ("We have often stated that an inmate cannot challenge the conditions of his confinement in a habeas corpus petition."). By his own admission, the plaintiff challenges only the conditions of his confinement, not its legality. He therefore has stated no viable claim, which moots his remaining objections to the R&R. Count Six is subject to dismissal pursuant to Section 1915A(b)(1) for failure to state a claim on which relief may be granted.

Finally, the R&R recommends that ADOC be dropped as a party defendant, since the presence of the individual defendants in their official capacities serves the same purpose. (Doc. 2 at 5). The plaintiff voices no objection to this recommendation.

For the reasons set forth above, the plaintiff's objections are **overruled**. After due and proper consideration of the issues raised, and considering *de novo* those portions of the R&R to which objection has been made, the R&R, as supplemented by this order, is **adopted** as the opinion of this Court. Counts One, Two and Three are **dismissed without prejudice** to the extent set forth above. Counts Four and Five are **dismissed with prejudice** to the extent set forth above. Count Six is **dismissed with prejudice**. ADOC is **dismissed** as a party defendant.

DONE and ORDERED this 6th day of February, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE